111 A.3d 160

IN RE REGISTRANT J.M.

Superior Court of New Jersey
Law Division Criminal Part
Bergen County

Decided December 22, 2014.

108

Karen Gwynn, Assistant Prosecutor, for the State of New Jersey (*John L. Molinelli*, Bergen County Prosecutor, attorney).

*James V. Pomaco*, attorney for registrant J.M.

GUIDA, J.S.C.

## Introduction

This is a motion to terminate registrant's obligations pursuant to Megan's Law, *N.J.S.A.* 2C:7–1 to –23, and Community Supervision for Life (CSL),[1] *N.J.S.A.* 2C:43–6.4(c). The court addresses the novel issue as to whether a convicted sex offender, who is subject to a lifetime bar to termination of Megan's Law registration may nevertheless be eligible for termination from the requirements of CSL and PSL.

The State opposes the motion on the ground that the registrant is statutorily barred from termination of registration obligations pursuant to *N.J.S.A.* 2C:7–2(g), but is silent as to whether registrant is also barred to seek relief from the CSL obligations of *N.J.S.A.* 2C:43–6.4.

Registrant, now age forty-two, argues that *N.J.S.A.* 2C:7–2(g), enacted seven years after he entered a guilty plea, should not be applied retroactively, and he should therefore be eligible for termination of his registration and CSL obligations.

## I

On May 22, 1995, registrant, then twenty-three years old, pled guilty to aggravated sexual assault upon a thirteen-year-old victim, a first-degree crime, in violation of *N.J.S.A.* 2C:14–2, pertain-

---

[1] Parole Supervision for Life (PSL) for offenses occurring on or after January 14, 2004.

ing to an incident which occurred between October 1991 and August 1993.

Registrant was sentenced as a second-degree offender to a term of imprisonment of seven years. He was released from custody in 1997.

On September 17, 1998, registrant was designated a Tier 2 offender, with the scope of notification to schools and daycare facilities located within one-half mile of his residence and place of employment.

On March 14, 2002, after an updated review of the Registrant Risk Assessment Scale (RRAS), an order was entered directing that information pertaining to registrant be included on the sex offender internet web site.

Registrant changed his residence, and on July 26, 2012, an order was entered affirming his Tier 2 designation and notification obligations for his new address.

From 1997 to the present date, registrant has been offense-free and has been gainfully employed without interruption. Registrant was evaluated by a psychologist in November 2013, who submitted an opinion in support of his termination motion.

## II

*N.J.S.A.* 2C:7–2(f) provides that:

*A person required to register under this act may make application to the Superior Court of this State to terminate the obligation upon proof that the person has not committed an offense within 15 years following conviction or release from a correctional facility for any term or imprisonment imposed, whichever is later, and is not likely to pose a threat to the safety of others.*

*N.J.S.A.* 2C:43–6.4(c), pertaining to CSL/PSL mirrors the Megan's Law registration termination procedure, providing that:

*A person sentenced to a term of parole supervision for life may petition the Superior Court for release from that parole supervision. The judge may grant a petition for release from a special sentence of parole supervision for life only upon proof by clear and convincing evidence that the person has not committed a crime for 15 years since the last conviction or release from incarceration, whichever is*

*later, and that the person is not likely to pose a threat to the safety of others if released from parole supervision.*

Effective January 8, 2002, seven years after registrant entered a guilty plea in this matter, the Legislature enacted *N.J.S.A.* 2C:7–2(g), which provides, in part, that any person convicted, adjudicated delinquent, or acquitted not guilty by reason of insanity of certain offenses is subject to Megan's Law registration *for life*, without possibility of termination (emphasis added). Aggravated sexual assault is one of the enumerated offenses which constitute a per se lifetime bar to termination.

Registrant presents two issues pertaining to the retroactive application of Megan's Law: (1) whether the general registration requirements are punitive; and (2) whether the bar to relief from the registration requirements also applies to CSL/PSL.

## A.

■ Registrant challenges the retroactive application of lifetime registration under Megan's Law for offenses committed prior to the enactment of the law. Specifically, at the time of his conviction in 1996, the law provided that he would be eligible to be removed from Megan's Law registration obligations after the passage of fifteen years. *N.J.S.A.* 2C:7–2(g), enacted after the completion of his custodial sentence, removed any expectation or possibility that he could be terminated from the registration requirements.

■ The ex post facto clause of the Constitution prohibits Congress and the States from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham,* 450 *U.S.* 24, 28, 101 *S.Ct.* 960, 964, 67 *L.Ed.*2d 17, 22 (1981) (citations and internal quotation marks omitted).

Megan's Law registrants are required to appear at a local police station for fingerprinting, photographing, and providing specific

personal information pertaining to their physical description, residence, employment or school address, and vehicles. All information is centrally collected by law enforcement, and the registrant is required to appear periodically or any time there is a change of residence address. In this situation, registrant's information is available to the public on the internet. Failure to abide by the registration requirements constitutes a crime of the fourth degree.[2]

In *Doe v. Poritz*, 142 *N.J.* 1, 12–13, 662 *A.*2d 367 (1995), the Court, discussing the intent and purpose of the Megan's Law registration requirements, opined that:

> *[T]he Constitution does not prevent society from attempting to protect itself from convicted sex offenders, no matter when convicted, so long as the means of protection are reasonably designed for that purpose and only for that purpose, and not designed to punish; that the community notification provided for in these laws, given its remedial purpose, rationality, and limited scope, further assured by our opinion and judicial review, is not constitutionally vulnerable because of its inevitable impact on offenders; that despite the possible severity of that impact, sex offenders' loss of anonymity is no constitutional bar to society's attempt at self-defense. The Registration and Notification Laws are not retributive laws, but laws designed to give people a chance to protect themselves and their children.*
>
> *The fact that some deterrent punitive impact may result from the impact of a statute does not, merely because a statute may carry penal consequences, transform those provisions into 'punishment' if that impact is an inevitable consequence of the regulatory provision.*
>
> [*Id.* at 75, 662 *A.*2d 367.]

The Court in *Poritz* closed the door on any argument that the registration requirements of Megan's Law are penal, since the legislative intent was not punishment, but a proper exercise of public protection. Therefore, registrant's argument that *N.J.S.A.* 2C:7–2(g) cannot be retroactively imposed is without merit.

## B.

■ The second issue presented is whether registrant is statutorily barred from seeking relief from CSL/PSL obligations.

---

[2] Third-degree crimes for violations occurring on or after July 1, 2014.

A person may be required to register yet not be obligated to meet the enhanced requirements of CSL/PSL. All of the offenses enumerated in *N.J.S.A.* 2C:43–6.4 are offenses which also require registration. However, there are several offenses which subject a person to registration, but not CSL/PSL (i.e., criminal sexual contact, when the victim is a minor, pursuant to *N.J.S.A.* 2C:14–3(b); promoting prostitution of a child, pursuant to *N.J.S.A.* 2C:34–1(b)(3) or (4); and kidnapping and related offenses, pursuant to *N.J.S.A.* 2C:13–1 to *N.J.S.A.* 2C:13–1 to 13–3).

The registration requirements of *N.J.S.A.* 2C:7–2, and the supervision requirements of *N.J.S.A.* 2C:43–6.4, are all part of what is commonly referred to as Megan's Law. As to the registration requirements, the Legislature declared:

> *The danger of recidivism posed by sex offenders and offenders who commit other predatory acts against children, and the dangers posed by persons who prey on others as a result of mental illness, require a system of registration that will permit law enforcement officials to identify and alert the public when necessary for the public safety.*
>
> *A system of registration of sex offenders and offenders who commit other predatory acts against children will provide law enforcement with additional information critical to preventing and promptly resolving incidents involving sexual abuse and missing persons.*
>
> [*N.J.S.A.* 2C:7–1.]

The Violent Predator Incapacitation Act of 1994, *L.* 1994, *c.* 130, codified as *N.J.S.A.* 2C:43–6.4(a), provides in part:

> *a judge imposing sentence on a person who has been convicted of aggravated sexual assault, sexual assault, aggravated criminal sexual contact, kidnapping pursuant to paragraph (2) of subsection c. of N.J.S. 2C:13–1, endangering the welfare of a child by engaging in sexual conduct which would impair or debauch the morals of the child pursuant to subsection a. of N.J.S. 2C:24–4, endangering the welfare of a child pursuant to paragraph (3) of subsection b. of N.J.S. 2C:24–4, luring, violating a condition of a special sentence of community supervision for life pursuant to subsection d. of this section, or an attempt to commit any such offense shall include, in addition to any sentence authorized by this Code, a special sentence of parol supervision for life.*

Registrant argues that any statutory interpretation that requires him to remain on CSL/PSL for life, without the opportunity for termination, is unconstitutional since, at the time of his plea, he had the expectation of termination after fifteen years.

Recently, the court held the Sex Offender Monitoring Act (SOMA), which provides for GPS monitoring of Tier 3 registrants, could not be retroactively applied. *Riley v. New Jersey State Parole Bd.*, 219 *N.J.* 270, 98 *A.*3d 544 (2014).

The state argues that this matter differs from *Riley*, since registrant was placed on CSL at the time he was sentenced, and despite the opportunity to apply for termination after fifteen years, had no guarantee that his CSL obligation would be terminated.[3]

In *State v. Schubert*, 212 *N.J.* 295, 53 *A.*3d 1210 (2012), the Court held that *N.J.S.A.* 2C:43–6.4 is punitive and that a judgment of conviction could not be amended to correct an error which failed to place defendant on CSL, since he had already successfully completed his probationary sentence.[4]

The Court in *Schubert*, discussing the different purposes and effects between *N.J.S.A.* 2C:7–2 and *N.J.S.A.* 2C:43–6.4, noted that a person on CSL must obtain permission from his parole officer before commencing employment, is subject to random drug and alcohol screening and an annual polygraph exam, may be subjected to a curfew, and his use of the internet may be limited. By contrast, a person subject to the registration requirements

---

[3] *But see State v. Fortin*, 198 *N.J.* 619, 969 *A.*2d 1133 (2009) (*Fortin IV*), discussing the retroactive application of the amendment to the law eliminating the death sentence and imposing a mandatory life-without-parole sentence under certain circumstances. The Court noted that:

the law in effect at the time of the offense provided for a sentence of either death or a term of thirty years to life with a thirty-year parole disqualifier. Obviously, considering only the non-death sentences, life without parole is a greater sentence that thirty years to life with a thirty-year parole disqualifier. Therefore, if the jury had concluded that defendant should receive a non-death sentence under the former statute, then the application of the new law to him would violate the Ex Post Facto Clause.
[*Id.* at 627–29, 969 *A.*2d 1133 (internal footnote omitted).]

[4] Justice Hoens dissented, opining that CSL is regulatory in its intent and operation and is not punitive, imposing no constitutional impediment to correct a sentence retroactively to impose the CSL obligation.

bears no such restrictions upon his daily activities. *Id.* at 306–07, 53 *A.*3d 1210.

In addition, the differing language between the statutes "clearly indicates that [the Legislature] viewed CSL as an integral part of a defendant's sentence, rather than a defendant's administrative obligation following completion of the sentence..... 'The registration and notification requirements are located in an entirely different section of the criminal code, far removed from the sentencing provisions' where CSL is codified." *Id.* at 307, 53 *A.*3d 1210.

## III

The court need not address the constitutional issues to resolve registrant's application for termination from his CSL obligations. As a fundamental proposition, courts should exercise restraint when asked to decide questions of constitutional import. "Trial courts are mandated to avoid decisions on constitutional issues except when such decisions are imperative and inescapable." *Ahto v. Weaver*, 39 *N.J.* 418, 428, 189 *A.*2d 27 (1963); *State v. Smith*, 202 *N.J.Super.* 578, 583–84, 495 *A.*2d 507 (Law Div. 1985); *Tonsorial Inc. v. Union City*, 115 *N.J.Super.* 33, 41, 277 *A.*2d 909 (Law Div.1971).

The court looks to the plain language of the statute and to the entire legislative scheme to discern legislative intent. *Kimmelman v. Henkels & McCoy, Inc.*, 108 *N.J.* 123, 129, 527 *A.*2d 1368 (1987).

The Legislature is deemed to be conversant with its own legislation and with judicial construction placed thereon. *State v. McCall*, 14 *N.J.* 538, 547, 103 *A.*2d 376 (1954); *Barringer v. Miele*, 6 *N.J.* 139, 144, 77 *A.*2d 895 (1951). Construction of a statute by the courts "supported by long acquiescence on the part of the Legislature, or by continued use of the same language, or failure to amend the statute, is evidence that such construction is in accordance with the legislative intent." *Asbury Park Press, Inc.*

*v. Asbury Park,* 19 *N.J.* 183, 190, 115 *A.*2d 564 (1955). *See also Dep't of Children v. T.B.,* 207 *N.J.* 294, 307, 24 *A.*3d 290 (2011) (analyzing the standard of care to determine child abuse and neglect, the court noted that "over a decade has passed since our decision in *G.S. [v. N.J. Div. of Youth & Family Servs.,* 153 *N.J.* 215, 708 *A.*2d 66 (1998) ]. In that time, the Legislature has taken no action to alter or amend the [statute]. We take it from that acquiescence that our interpretation of the statute is consonant with the legislative scheme.").

The "exit ramps" off Megan's Law registration and CSL/PSL obligations carry differing burdens of proof. Relief from Megan's Law registration may be granted upon proof by a preponderance of the evidence that a person is not likely to pose a threat to the safety of others.[5] However, a person requesting termination from CSL/PSL obligations must demonstrate the same evidence by satisfying the court by the higher burden of "clear and convincing evidence."

It has been twelve years since the Legislature amended Megan's Law, *N.J.S.A.* 2C:7–2(g), to provide for a "true" lifetime registration for certain offenses. The Legislature has chosen not to amend *N.J.S.A.* 2C:43–6.4(c) to effect a similar ban on termination from the CSL/PSL obligations. The latter statute still presents a clear exit ramp for those persons who, after fifteen years since their conviction or release from incarceration, have led an offense-free life, and can clearly convince the court they are not likely to pose a threat to the safety of others if relieved of their obligations.

*Conclusion*

Based upon the above, registrant is barred from relief under the registration requirements of Megan's Law, *N.J.S.A.* 2C:7–2(g), but

---

[5] Except for motions filed pursuant to *In re Registrant J.G.,* 169 *N.J.* 304, 777 *A.*2d 891 (2001), which require proof by the enhanced standard of clear and convincing evidence.

may proceed with the application to be removed from CSL pursuant to *N.J.S.A.* 2C:43–6.4(c).